947 F.2d 947
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
G. Thomas WHITMER, Plaintiff-Appellant,
v.
FIFTH/THIRD BANK OF MIAMI VALLEY, Defendant-Appellee.
 No. 91-3302.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1991.
 
 1
 Before RYAN and BOGGS, Circuit Judges, HOOD, District Judge.*
 
 ORDER
 
 2
 G. Thomas Whitmer appeals the grant of summary judgment in favor of his former employer, Fifth/Third Bank of Miami Valley, in his employment discrimination case brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Whitmer alleged in his second amended complaint that the defendant took certain adverse personnel actions against him because of his age and because of his attempts to protect his rights, all in violation of ADEA. Whitmer alleged two specific acts of discrimination. He claims that defendant's decision in January 1989 to transfer him from its branch at Troy, Ohio to its Piqua, Ohio, office was a demotion due to age discrimination. He also contends that defendant's decision to discharge him in November 1989 was an act of age discrimination or in retaliation for his filing a charge of discrimination regarding the demotion or both. Whitmer sought injunctive relief, monetary damages, and attorney fees in addition to reinstatement.
 
 
 4
 After reviewing the defendant's motion for summary judgment and Whitmer's response, the district court granted the motion. Whitmer disagrees with the district court's decision and brings this timely appeal.
 
 
 5
 Upon consideration, we concluded that summary judgment on Whitmer's claims was proper, as Whitmer did not establish the existence of any genuine issue of material fact and the defendant was entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The record, as correctly reviewed in the opinion of the district court, undisputably shows that Whitmer was demoted and ultimately discharged because of his poor performance. Age was not a factor.
 
 
 6
 Accordingly, the district court's judgment should be affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation